UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EAST/WEST PARTNERSHIP
ADVISORS, INC., et al.,

        Plaintiffs,

        v.

DONALD ENGLE, et al.,

        Defendants.
_____/

No. C 09-0015 PJH

**ORDER TO SHOW CAUSE**

TO DEFENDANTS DONALD ENGLE AND ENGLE DEVELOPMENT SERVICES, INC.:

YOU ARE HEREBY ORDERED TO SHOW CAUSE IN WRITING no later than March 4, 2009, why this case should not be remanded to the Superior Court of California, County of Alameda, for lack of subject matter jurisdiction.

Plaintiffs East/West Partnership Advisors, Inc. and East/West Investment Associates filed this action in Alameda County Superior Court on December 5, 2008. In the complaint, plaintiffs allege that East/West Partnership Advisors, Inc. is a Massachusetts corporation, and that East/West Investment Associates is "a limited partnership that is duly organized and validly existing under the laws of the Commonwealth of Massachusetts, and which is qualified to do business in the State of California." Cplt ¶¶ 1-2.

On January 5, 2009, defendants filed a notice of removal, alleging diversity jurisdiction under 28 U.S.C. § 1332, and asserting that removal was proper under 28 U.S.C. § 1441. Defendants contend that there is complete diversity between the parties because defendants are citizens of California, and "plaintiffs admit they are Massachusetts corporate entities." Notice of Removal ¶ 4. While it is true that plaintiffs allege that East/West Partnership Advisors, Inc. is a Massachusetts corporation, they do not claim that East/West Investment Associates is a "Massachusetts corporate entity," but rather that it is a Massachusetts limited partnership.

"[A] limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (quoting Kuntz v. Lamar Corp., 385 F.3d 1177, 1182 (9th Cir. 2004). Unincorporated associations and partnerships are treated as citizens of each state of which its members are citizens. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008) § 2:323. The location of the partnership's business is irrelevant for purposes of determining subject matter jurisdiction. Id. (citing Lincoln Property Co. v. Roche, 546 U.S. 81, 83 (2005)).

The removal statutes are construed restrictively, so as to limit removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are resolved in favor of remanding the case to the state court. Id. The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction in the case. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). If the court at any time determines that it lacks jurisdiction over a removed action, "it must remedy the improvident grant of removal by remanding the action to state court." Id. (citing 28 U.S.C. § 1447; ARCO Envtl. Remediation, LLC v. Department of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

Here, defendants have not established that complete diversity exists between all plaintiffs and defendants, because they have failed to allege the citizenship of the members of the plaintiff limited partnership. Accordingly, no later than March 4, 2009, defendants

must supplement the notice of removal with allegations showing that complete diversity exists and that removal was proper.

**IT IS SO ORDERED.**

Dated: February 18, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge